[Civ. No. 2470. Fourth Appellate District.—November 6, 1940.]

JOE G. STUP et al., Appellants, v. BENJAMIN HOWARD HIGGINS, Respondent.

W. Frank Shelley and George D. Higgins for Appellants.

Elbert E. Hensley for Respondent.

MARKS, J.—This is an action to recover damages resulting from a collision of automobiles which occurred on April 8, 1938, in the intersection of Tustin Avenue and McFadden Street in Orange County. The case was tried by the court without a jury. The trial court found plaintiff Joe G. Stup, driver of the plaintiff car, guilty of contributory negligence and rendered judgment for defendant. Plaintiffs, who are husband and wife, have appealed.

Plaintiffs devote practically their entire brief to the question of the negligence of Benjamin Howard Higgins, the driver of the defendant car. They argue such questions as: which automobile had the right of way at the intersection; whether defendant entered the intersection lawfully; whether the Stup automobile constituted an immediate hazard to the automobile driven by Higgins when the latter entered the intersection.

We are more concerned with the question of Mr. Stup's contributory negligence than with the negligence of Higgins. We may assume the soundness of every argument pointing to the negligence of Higgins and still will have to affirm the judgment if the finding that Stup was guilty of contributory negligence is sustained by substantial evidence. This is too elemental to require the citation of authorities. We will, therefore, briefly review the evidence bearing on contributory negligence and will assume without holding that there is evidence showing Higgins' negligence.

Tustin Avenue runs north and south and McFadden Street intersects it at right angles. There are stop signs on McFadden Street east and west of Tustin Avenue. The intersection is obstructed.

Stup was approaching the intersection on Tustin Avenue from the south at a speed of thirty or thirty-five miles an hour. Higgins approached the intersection on McFadden Street from the west. He stopped his car at the STOP sign on McFadden Street which was set back twenty-seven feet from the intersection. At that point his vision to his right was limited to one hundred fifty feet. He looked to his right and saw no vehicle approaching the intersection from the south. He proceeded into the intersection at a speed of twelve or fifteen miles an hour looking to the north for approaching vehicles on Tustin Avenue. He saw none. When the front of his car had reached the center line of Tustin Avenue he again looked to the south and saw the Stup car about thirty feet south of the intersection approaching at about the speed we have already mentioned, which speed was not changed until just before the two cars came together. Higgins tried to increase the speed of his car to clear the intersection and about half of it was east of the east line of Tustin Avenue when the right front of the Stup car crashed into its right rear. The trial court on this substantial evidence found these facts in detail to be true. It also found that plaintiffs failed to keep a proper lookout and found contributory negligence in general terms.

It is clear that if Higgins had an unobstructed view of Tustin Avenue to a point one hundred fifty feet south of the intersection when he stopped at the stop sign, if Stup had looked he could have had a clear view of the Higgins car entering the intersection from the time he (Stup) passed a point on Tustin Avenue one hundred fifty feet south of the intersection. The view of Tustin Avenue south from McFadden Street was not obstructed between the stop sign and the intersection.

It is the duty of the driver of a motor vehicle to be vigilant and watch for vehicles that might cross his path. A failure to perform that duty may constitute negligence. The trial court having found that Stup failed to perform that duty and that such failure was contributory negligence, and there being evidence and reasonable inferences to be drawn

from such evidence supporting such findings, we cannot disturb the judgment here.

Judgment affirmed.

Barnard, P. J., and Griffin, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on November 26, 1940, and an application by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on December 26, 1940.